549 F.2d 301
 Patricia Brown NELSON, on behalf of herself and all others
similarly situated, Appellant,
v.
The Honorable Robert T. ROGERS, Judge of the Circuit Court,
Twenty-Third Judicial Circuit of Virginia, Appellee.
 No. 76-1524.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1976.
Decided Jan. 27, 1977.
 
 Henry L. Woodward, Roanoke, Va. (Claude M. Lauck, The Legal Aid Society of Roanoke Valley, Richmond, Va., on brief), for appellant.
 Henry M. Massie, Jr., Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, and CRAVEN and HALL, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 The petitioner, Patricia Brown Nelson, brings this case on for review after the majority of a three-judge court below abstained from considering her claim that Sections 8-72 and 20-104 of the Virginia Code operate to deprive her of equal protection and due process of law.
 
 
 2
 In Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the United States Supreme Court struck down filing fees in divorce cases as a violation of due process where the fees blocked indigent plaintiffs from obtaining a court hearing in their good faith causes. The court further stated that, although the state could select from among various possible means of opening its courts to indigent divorce plaintiffs, it could not require a means of service that would in practice prevent the poor from obtaining their day in court:
 
 
 3
 "(W)e think that reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pending of judicial proceedings. . . . We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper (citations omitted)." 401 U.S. at 382, 91 S.Ct. at 788.
 
 
 4
 Since Boddie v. Connecticut, supra, the Virginia Supreme Court has had the opportunity to construe these statutory provisions in accord with the court's dictates in Boddie. It has failed to do so. In Payne v. Payne,[1] a divorce action instituted in 1971 in the Circuit Court for the City of Roanoke, Virginia, the petition of the Legal Aid Society requesting service other than by newspaper publication was denied. The Virginia Supreme Court refused to hear the denial on appeal on the basis that the order appealed from was not final. Mrs. Payne sought reconsideration of her petition in the Circuit Court of Roanoke, but it was again denied. Subsequent to Boddie, a writ of mandamus was filed with the Virginia Supreme Court in an attempt to compel the Circuit Court of Roanoke to grant her petition by construing the statutes in question. This petition was denied, no reasons being given. Appeal to the United States Supreme Court followed and was summarily dismissed. Payne v. Fox, 414 U.S. 1139, 94 S.Ct. 889, 39 L.Ed.2d 96 (1974).
 
 
 5
 The petitioner, Nelson, is an indigent and because of her poverty has been unable to comply with the requirements imposed by the Commonwealth of Virginia for a divorce.[2] Regarding the claim of unconstitutionality of the Virginia statutes, the facts of the case at hand and the Payne case are indistinguishable.
 
 
 6
 We agree with Judge Turk, who dissented from abstaining in the three-judge court decision, that, "(T)he delicate state federal relations which persuade the majority to abstain are outweighed by the interest of the individual in having her day in court."
 
 
 7
 Inasmuch as the Virginia Supreme Court has had ample opportunity to consider and resolve this matter in line with the United States Supreme Court enunciation in Boddie, supra, and has failed to do so, we think the three-judge court below erred in relying on the absention doctrine. Accordingly, we reverse and remand with instructions to consider the merits of the petitioner's claim.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 [1]
 This civil action was docketed as Chancery No. 2390-71 in the Circuit Court for the City of Roanoke, Virginia. After exhausting all channels of appeal, the Payne case became moot due to a reconciliation of the parties
 
 
 [2]
 Mrs. Nelson's husband from whom she seeks divorce was last heard to be residing in Texas. She has been unable to afford to pay for the newspaper publication of service as required by the Virginia statutory provisions in question and by existing Virginia case law. Such newspaper publication is reputed to cost between $50 and $60